UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BUNGIE, INC., a Delaware corporation,<br><br>               Plaintiff,<br><br>     v.<br><br>MIHAI CLAUDIU-FLORENTIN, an individual, d/b/a VETERANCHEATS.COM; DOE 1 a/k/a BLAZE, an individual; DOE 2, a/k/a KNORR, an individual; DOE 3 a/k/a JOHN MCBERG, an individual, and DOES 4-10,<br><br>               Defendants. | No. C21-1114-SKV<br><br>**ORDER GRANTING MOTION TO SEAL MOTION FOR DEFAULT AND SUPPORTING DECLARATIONS**<br><br>**[PROPOSED]** |

This matter having come before the Court upon Plaintiff Bungie, Inc.'s Motion to Seal pertaining to its Motion for Default Judgment against Defendant Mihai Claudiu-Florentin ("Claudiu-Florentin"), including: (1) portions of the Declaration of James Barker in Support of the Motion for Default Judgment (the "Barker Declaration"), (2) Exhibit 5 to the Barker Declaration in its entirety, (3) Exhibits 3 and 7 to the Declaration Christopher Varas in Support of the Motion for Default Judgment in their entirety, and (4) those portions of the Motion for Default (the "Brief") that reference the sealed portions of the Barker and Varas Declarations or exhibits thereto. Having reviewed the relevant record, the Court GRANTS the motion.

1   When considering whether to seal portions of the Court's record, a "strong
2   presumption in favor of access is the starting point." *Kamakana v. City & Cty. of*
3   *Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  Any records related to motions that are
4   more than tangentially related to the merits of the underlying action are subject to the
5   "compelling reasons" standard.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d
6   1092, 1099 (9th Cir. 2016).  In determining whether there are compelling reasons to seal,
7   "courts should consider all relevant factors, including: 'the public interest in
8   understanding the judicial process and whether disclosure of the material could result in
9   improper use of the material for scandalous or libelous purposes or infringement upon
10  trade secrets.'"  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d at 1135 (quoting
11  *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

12   Compelling reasons may exist to seal "trade secrets, marketing strategies, product
13  development plans, detailed product-specific financial information, customer
14  information, internal reports and other such materials that could harm a party's
15  competitive standing." *In re Apple Inc. Device Performance Litig.*, No. 5:18-MD-02827-
16  EJD, 2019 WL 1767158, at *2 (N.D. Cal. Apr. 22, 2019).  Courts in the Ninth Circuit
17  (and this District in particular) have recognized that information describing the internal
18  and confidential information about the operations of computer hardware and software
19  that is meant to limit access to the hardware's or software's operations, and information
20  on how to circumvent it, generally meets the "compelling reasons" standard and should
21  be sealed, because revealing that information would allow competitors to obtain
22  commercial advantages or allow unscrupulous hackers to circumvent the publisher's
23  technological security measures.  *E.g.*, *Philips North America, LLC v. Summit Imaging,*
24  *Inc.*, Case No. C19-1745-JLR, 2021 WL 1895836, * 2 (W.D. Wash. 2021); *Genuine*
25  *Enabling Tech., LLC v. Nintendo Co., Ltd.*, Case No. C19-000351-RSM, 2020 WL
26  4366181, at *1 (W.D. Wash. July 30, 2020); *In re Google Inc. Gmail Litig.*, No. 13-MD-
    02430-LHK, 2013 WL 5366993, at *3 (N.D. Cal. Sept. 25, 2013).

1  The portions of the Brief and Declarations, and exhibits thereto, that Bungie seeks
2  to seal or redact reveal confidential documents produced through third-party discovery,
3  and technical details of how the program operates.  Revealing such information in a
4  public filing not only would allow competitors insight into Bungie's security measures,
5  but could also allow new cheat software developers to replicate the Cheats and would
6  violate third-party confidential designations.  These are sufficiently compelling reasons to
7  keep the referenced material under seal. Bungie has publicly filed redacted copies of the
8  materials wherever possible, which is sufficient to meet the public's interest in knowing
9  the non-confidential details of these proceedings.
10  DATED this 7th day of February, 2023.

_____
S. KATE VAUGHAN
United States Magistrate Judge

Presented by:

**KILPATRICK TOWNSEND & STOCKTON LLP**

*s/ Christopher T. Varas*
Christopher Varas (WA Bar No. 32875)
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
Telephone: 206.516.3088
Facsimile: 206.623.6793
*cvaras@kilpatricktownsend.com*

*Admitted Pro Hac Vice*
Crystal Genteman
1100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309
Telephone: 404.815.6500
*cgenteman@kilpatricktownsend.com*
*Attorneys for Plaintiff Bungie, Inc.*